# **EXHIBIT A**

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

<u>JEAN CLAUDE VIXAMAR</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>2201 COLLINS NIGHTCLUB MANAGEMENT LLC</u>
Defendant

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☒ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
　　☐ Residential Evictions
　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

　1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd　　　　　　Fla. Bar # 188239
　　　　　　Attorney or party　　　　　　　　　　　　　(Bar # if attorney)

Peter M Hoogerwoerd　　　　　　　　　01/11/2023
(type or print name)　　　　　　　　　　Date

- 3 -

|  | IN THE CIRCUIT COURT OF |
|---|---|
|  | THE 11TH JUDICIAL CIRCUIT |
|  | IN AND FOR MIAMI-DADE |
|  | COUNTY, FLORIDA |

**JEAN CLAUDE VIXAMAR,**

    Plaintiff,

v.                                                                                        CASE NO.:

**2201 COLLINS NIGHTCLUB**
**MANAGEMENT, LLC d/b/a**
**WALL LOUNGE, a Florida**
**Limited Liability Company,**

    Defendant.

_____/

## COMPLAINT

Plaintiff, JEAN CLAUDE VIXAMAR ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, 2201 COLLINS NIGHTCLUB MANAGEMENT, LLC d/b/a WALL LOUNGE ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000, excluding attorneys' fees or costs, for damages pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injuries resulting from the unlawful, discriminatory treatment of Plaintiff based on his race.

2. Plaintiff is a covered employee for purposes of § 1981.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County, Florida, performing work for Defendant in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Plaintiff is a Black former employee of Defendant and falls within a class of people protected against discrimination in their employment under the applicable statute, § 1981.

5. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, within the jurisdiction of this Honorable Court.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

8. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to provide his counsel with a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was hired by Defendant on or about late 2017.

10. During the relevant period of this action, Plaintiff was employed by Defendant as member of its cleaning staff, primarily assigned to sweep floors and clear areas of trash or other debris.

11. On or about the beginning of 2019, Plaintiff was assigned a new White, Hispanic supervisor. Plaintiff only knew the new supervisor by his nickname, "Taco".

12. After Taco became Plaintiff's new supervisor, Defendant started hiring more non-Black, Hispanic employees.

13. Plaintiff would be subjected to constant and repeat harassment from his supervisor compared to other similarly situated, non-Black employees of Defendant.

14. Plaintiff would regularly be followed and harassed by his supervisor, Taco, more than other similarly situated non-Black coworkers during the time Plaintiff was under his supervision.

15. Plaintiff's supervisor, Taco, would scrutinize Plaintiff for minor things, such as taking restroom breaks, attempting to pry into the Plaintiff's privacy when he would go use the restroom.

16. On one occasion, Taco was outside of the bathroom stall when Plaintiff exited the restroom and accused Plaintiff of sleeping when he went to use the restroom and wash his hands. This was not true.

17. It disturbed Plaintiff that his supervisor would be trying to observe him while using the restroom and invade into his privacy in such a manner and in a way that did not happen to Plaintiff's similarly situated, non-Black coworkers.

18. On or about July 2019, Plaintiff requested leave from work, informing Defendant that reason for his requested leave was to care for and attend to his son who had become hospitalized around that time.

19. Plaintiff's son suffered a recurrence of cancer.

20. Plaintiff's son's medical condition(s) were known to Defendant, by and through its managers and/or supervisors, as Plaintiff always informed his managers and supervisors of his scheduling needs due to needing to be a caretaker for his child during the daytime, as his son had previously become an amputee as a result of his cancer treatments.

21. Unbeknownst to Plaintiff, Defendant did not input Plaintiff's requested leave as medically related or leave under the Family and Medical Leave Act, but rather a general, unpaid leave of absence.

22. Upon Plaintiff's return from leave, Plaintiff's supervisor terminated his employment.

23. Plaintiff was terminated due to discrimination on the basis of race.

24. At all times material hereto, Plaintiff was qualified for his position with Defendant.

25. During the course of Plaintiff's employment with Defendant, Plaintiff performed the essential duties of his position with Defendant in an exemplary manner, at all times performing at satisfactory or above satisfactory levels.

26. Any reason proffered by Defendants for the adverse employment actions mentioned in part above are merely pretextual of the unlawful conduct complained of herein.

## COUNT I
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this Complaint as if set out in full herein.

28. Plaintiff is a member of a protected class under § 1981.

29. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity and/or harassment.

30. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

31. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

33. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

38. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 11, 2023

Respectfully submitted,
*/s/Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Fla. Bar No. 1026565
cseldin@rgpatttorneys.com
***REMER, GEORGES-PIERRE
& HOOGERWOERD, PLLC***
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 416-5000

IN THE CIRCUIT COURT OF<br>
THE 11TH JUDICIAL CIRCUIT<br>
IN AND FOR MIAMI-DADE<br>
COUNTY, FLORIDA

**JEAN CLAUDE VIXAMAR,**

    **Plaintiff,**

v.                                                     CASE NO.: 2023-000536-CA-01

**2201 COLLINS NIGHTCLUB**
**MANAGEMENT, LLC d/b/a**
**WALL LOUNGE, a Florida**
**Limited Liability Company,**

    **Defendant.**

_____/

SUMMONS IN A CIVIL CASE

**TO: 2201 COLLINS NIGHTCLUB MANAGEMENT, LLC d/b/a WALL LOUNGE,**
through its Registered Agent:

        NICOLA SIERVO
        1801 NE 123 ST, SUITE 314
        NORTH MIAMI, FL 33181

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
        2745 PONCE DE LEON BLVD.
        CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                        DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF
THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

JEAN CLAUDE VIXAMAR,

    Plaintiff,

v.                                           CASE NO.: 2023-000536-CA-01

2201 COLLINS NIGHTCLUB
MANAGEMENT, LLC d/b/a
WALL LOUNGE, a Florida
Limited Liability Company,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO: 2201 COLLINS NIGHTCLUB MANAGEMENT, LLC d/b/a WALL LOUNGE,**
through its Registered Agent:

        NICOLA SIERVO
        1801 NE 123 ST, SUITE 314
        NORTH MIAMI, FL 33181

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
        2745 PONCE DE LEON BLVD.
        CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

        Luis G. Montaldo,
        CLERK AD INTERIM        1/20/2023

CLERK                                DATE

324337
(BY) DEPUTY CLERK